# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERNON ERNEST DORIAN CEPHAS, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 93-547-RGA |
| C/O DAVE DUPRON, | : | |
| Defendant. | : | |

Vernon Ernest Dorian Cephas, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM**

December 14, 2018
Wilmington, Delaware

[signature]
ANDREWS, U.S. District Judge

## I. INTRODUCTION

Plaintiff Vernon Ernest Dorian Cephas, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, proceeds *pro se*. He filed this action pursuant to 42 U.S.C. § 1983 in 1993 and was awarded monetary damages following a bench trial in 1996. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court is Plaintiff's motion for a writ of execution. (D.I. 72).

## II. BACKGROUND

On December 5, 1996, the Court found in favor of Plaintiff and against Defendant C/O Dave Dupron and entered judgment in the sum of $250.00. (D.I. 61, 62, 63). On May 23, 2001, Plaintiff asked the Court to issue a writ of execution in his favor pursuant to the December 5, 1996 judgment. (D.I. 67). The Court issued a deficiency notice and advised Plaintiff that service must be made upon counsel for Defendant. (D.I. 68).

On January 3, 2018, Plaintiff requested a copy of the court docket, and it was mailed to him on January 5, 2018. (D.I. 69, 70). On August 27, 2018, the Court received Plaintiff's letter stating that he did not believe he had received payment of the judgment and asking for assistance. (D.I. 71). On September 25, 2018, almost twenty-two years after entry of judgment, Plaintiff filed the instant motion for writ of execution to compel payment of the judgment plus interest.[1] (D.I. 72).

---

[1] In Delaware, there is a rebuttable common law presumption of payment after twenty years. *See Gamles Corp. v. Gibson*, 939 A.2d 1269, 1272 (Del. 2007).

1

Plaintiff indicates that opposing counsel is Susan P. Tussey with the Delaware Department of Justice. The court docket indicates that Tussey was terminated as the attorney of record on October 24, 1994. In addition, the Court takes judicial notice that Tussey is now a Family Court Commissioner in the Family Court of the State of Delaware in New Castle County. See https://courts.delaware.gov/family/judges.aspx. The court docket indicates that Cathy Ann Johnson (formerly Cathy Ann Jenkins), now a deputy public defender with the Office of Defense Services in New Castle County, Delaware, represents Dupron. However, when this case was being litigated Dupron was a Department of Correction employee and Johnson, as a deputy attorney general with the Department of Justice of the State of Delaware, represented him. (See D.I. 61). Therefore, neither Commissioner Tussey nor Attorney Johnson are now deputy attorneys general for the State of Delaware. The Court will therefore order that a copy of the memorandum and order be served upon the Attorney General of the State of Delaware so that the State has notice of this motion.

### III. LEGAL STANDARDS

Rule 69(a) of the Federal Rules of Civil Procedure provides as follows:

(a) In General.
(1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
(2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment

2

debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69. This Court's Local Rules provide that, "[p]roceedings on executions shall be in accordance with Fed. R. Civ. P. 69. In all cases in which a party seeks a writ of execution, the parties shall submit the completed proposed form of the writ to the Clerk." D. Del. LR 69.1.

**IV.    DISCUSSION**

Judgment was entered in favor of Plaintiff and against Dupron on December 5, 1996. (D.I. 63) In his motion Plaintiff states that Dupron has not satisfied the judgment, although it appears from his August 2018 letter that he is not sure about this. (See D.I. 71). Regardless, this is Plaintiff's attempt to collect on the judgment.

A judgment is a court's final determination of the rights and obligations of the parties in a case. *Black's Law Dictionary* 388 (3d pocket ed. 2006). The Court, however, cannot guarantee that the prevailing party will collect on the judgment. The procedures for collecting a judgment are set forth in Fed. R. Civ. P. 69 and D. Del. LR 69.1. Pursuant to Fed. R. Civ. P. 69(a), this Court's practice and procedure follows the practice of the Delaware State Courts. *See* Del. Super. Ct. Civ. Proc. R. 69. The procedure typically requires the filing of a motion for writ of execution, accompanied by proposed form writ of execution and a praecipe.

Plaintiff did not follow the correct procedure for collecting the December 5, 1996 judgment as he failed to provide a proposed form writ of execution and a praecipe. In addition, Plaintiff seeks to serve an attorney who no longer represents Dupron. Finally,

Plaintiff did not provide a USM-285 for service by the United States Marshals Service. Accordingly, the Court will deny the motion without prejudice to renew.

## V.     CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion for writ of execution (D.I. 72) without prejudice to properly renewing the motion with the documents required for issuance of a writ of execution.

An appropriate Order will be entered.