IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNON ERNEST DORIAN CEPHAS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 93-547-RGA |
| C/O DAVE DUPRON, | : |
| Defendant. | : |

Vernon Ernest Dorian Cephas, James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

Stephen M Ferguson, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.

**MEMORANDUM**

June 8, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge**

Plaintiff Vernon Ernest Dorian Cephas, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, proceeds *pro se*. In 1993 he filed this action pursuant to 42 U.S.C. § 1983. In 1996 he was awarded monetary damages following a bench trial. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the Court are Plaintiff's renewed motion for writ of execution and motion to refresh judgment. (D.I. 75, 82).

I.  **BACKGROUND**

On December 5, 1996, the Court found in favor of Plaintiff and against Defendant C/O Dave Dupron and entered judgment in the sum of $250. (D.I. 61, 62, 63). On May 23, 2001, Plaintiff wrote to the Clerk of Court and asked for issuance of a writ of execution in his favor pursuant to the 1996 judgment. (D.I. 67). The Court issued a deficiency notice and also advised Plaintiff that service was required upon counsel for Defendant. (D.I. 68).

On January 3, 2018, Plaintiff requested a copy of the court docket, which was mailed to him on January 5, 2018. (D.I. 69, 70). On August 27, 2018, the Court received Plaintiff's letter stating, "I believe that I have never received [the $250]," and asking for assistance. (D.I. 71). On September 25, 2018, almost twenty-two years after entry of judgment, Plaintiff filed a motion for writ of execution to compel payment of the judgment plus interest.[1] (D.I. 72). On December 14, 2018, the Court denied the

---

[1] In Delaware, there is "a rebuttable common law presumption of payment after twenty years." *Gamles Corp. v. Gibson*, 939 A.2d 1269, 1272 (Del. 2007).

1

motion for writ of execution without prejudice to properly renewing the motion with the documents required for issuance of a writ of execution. (D.I. 73, 74).

On September 5, 2019, Plaintiff filed a second motion for writ of execution (D.I. 75). On March 2, 2020, Defendant filed a response to the motion after being given an extension of time to investigate whether the judgment had been satisfied. (D.I. 81). A few days later, Plaintiff filed a motion to refresh judgment. (D.I. 82). In turn, Defendant filed a reply. (D.I. 85).

## II.  LEGAL STANDARDS

Rule 69(a) of the Federal Rules of Civil Procedure provides as follows:

> (a) In General.
> (1) Money Judgment; Applicable Procedure.  A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
> (2) Obtaining Discovery.  In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69.  This Court's Local Rules provide that, "Proceedings on executions shall be in accordance with Fed. R. Civ. P. 69.  In all cases in which a party seeks a writ of execution, the parties shall submit the completed proposed form of the writ to the Clerk."  D. Del. LR 69.1.

## III.  DISCUSSION

### A.  Writ of Execution

Judgment was entered on December 5, 1996.  (D.I. 63).  In his September 25, 2018 motion to enforce judgment, Plaintiff states that Defendant has not satisfied the

2

judgment, although it appears from another filing that he is not sure. (*See* D.I. 71, 72). Plaintiff's September 5, 2019, motion for writ of execution is identical to the one he filed on September 25, 2018. (*Compare* D.I. 72 to D.I. 75).

Defendant opposes the motion on the grounds that: (1) the judgment is now twenty-three years old, and there is a rebuttable common law presumption of payment after twenty years; (2) Plaintiff has never filed a motion to refresh the judgment, a requirement for its execution; and (3) Plaintiff failed to follow the correct procedure for collecting on the judgment. (D.I. 81).

To support his opposition, Defendant provided the affidavit of Delaware Department of Correction Controller III Kimberly Girantino. She has personal knowledge of efforts made by the DDOC to locate records evidencing a $250 payment to satisfy the judgment awarded Plaintiff. (D.I. 81-1). She states that any voucher evidencing payment to Plaintiff would have been destroyed in the ordinary course of business many years ago under the State of Delaware's general retention schedule. (*Id.*). The general retention schedule retains vouchers for three years and, after a successful audit, the vouchers are destroyed. (*Id.*). The James T. Vaughn Correctional Center business office searched its records, including records of Plaintiff's commissary account where the payment would have been deposited. The oldest records date back to 1999. (*Id.*). The DDOC Central Offender Records were also searched and no records were found in Plaintiff's file related to the matter. (*Id.*).

After Defendant filed his response, Plaintiff filed a motion to refresh the judgment. (D.I. 82). He states that he has not collected or executed on the judgment because of his ignorance. (*Id.* at 1). In addition, Plaintiff states that after reviewing Defendant's response (*see* D.I. 81), he "is more sure tha[n] (99 %) sure that he has never received

3

payment from defendant." (D.I. 82 at 2). He states that his attempt to execute the judgment in 2001 "clearly indicates he hadn't received payment," and, coupled with Defendant's admission that Plaintiff's commissary account records since 1999 contain no record of a deposit, neither the State nor Defendant can reasonably argue that the judgment has been satisfied.

A judgment is a court's final determination of the rights and obligations of the parties in a case. *Black's Law Dictionary* 388 (3d pocket ed. 2006). The Court, however, cannot guarantee that the prevailing party will collect on the judgment. As noted, the procedures for collecting a judgment are set forth in the federal and local rules. *See* Fed. R. Civ. P. 69; D. Del. LR 69.1. Pursuant to Fed. R. Civ. P. 69(a), this Court's practice and procedure follows the practice of the Delaware State Courts. *See* Del. Super. Ct. Civ. P. R. 69. The procedure typically requires the filing of a motion for writ of execution, accompanied by proposed form writ of execution and a praecipe.

A written receipt of payment in full, or a returned check, raises a presumption of payment; an acknowledgement of payment also raises the presumption; the cancellation of a security instrument raises the presumption; and a lapse of time, usually twenty years, also raises the presumption of payment. *See In re Mortgage of Kallos*, 1989 WL 206399, at *1 (Del. Super. Ct. Dec. 21, 1989); *see also Guayaquil & Quito Ry. Co. v Suydam Holding Corp.*, 132 A.2d 60, 66 (Del. 1957); *Gamles Corp.*, 939 A.2d at 1272.

As Defendant points out, the judgment is now twenty-three years old, and there is a rebuttable common law presumption of payment after twenty years. Plaintiff relies upon JTVCC commissary records dating back to 1999, which do not indicate the judgment amount was deposited into his prison trust account. However, the judgment

4

was entered in December 1996 and records beginning three years later do nothing to rebut the presumption that the debt may have been paid between entry of the 1996 judgment and 1999. Records were searched, but Plaintiff's inordinate delay made it impossible to review records that could have shown payment. In addition, the Court observes that initially Plaintiff was not sure whether the judgment had been satisfied. Interestingly, after receiving Defendant's opposition, Plaintiff's position changed, and he is now 99 percent sure that he never received payment and contends that his 2001 attempt to execute the judgment (*i.e.*, letter to Clerk of Court) is a clear indicator that he had not received payment. Having considered the evidence of record and the parties' positions, the Court concludes that Plaintiff has failed to rebut the common law presumption of payment after twenty years. I acknowledge that Plaintiff's letter to the Clerk of the Court in 2001 provides some support for his position, but, on the other hand, once the Clerk told him he had to notify counsel for the other side, he took no further action for more than sixteen years. There is no explanation for the lengthy period of inaction. Therefore, I cannot conclude that the payment was not made sometime in the three years between 1996 and 1999. I do not think the evidence offered is sufficiently probative to rebut the common law presumption. Therefore, the motion will be denied for this reason.

    Further grounds for denial of the motion are that by the time Plaintiff filed the second motion for writ of execution, the December 5, 1996 judgment was nearly twenty-three years old. It had therefore lapsed, and it had never been refreshed. Finally, despite being advised of this Court's procedure, Plaintiff once again failed to follow the correct procedure for collecting the December 5, 1996 judgment as he failed to provide a proposed form writ of execution

For these reasons, the Court will deny the second motion for writ of execution.

### B. Motion to Refresh Judgment

The Court turns next to Plaintiff's motion to refresh judgment. (D.I. 82). Given my ruling that Plaintiff has not overcome the presumption of payment, I do not necessarily need to rule on this motion. But since ruling on it provides an alternate basis for the decision, I will decide it. As discussed above, Plaintiff filed a motion to refresh the judgment when he replied to Defendant's opposition to his second motion for writ of execution. He indicates that he has not collected or executed on the judgment because of his ignorance. (*Id.* at 1).

In Delaware, there is no statute of limitations on judgments. *See Mergenthaler v. Triumph Mort. Co.*, 2018 WL 6177177, at *4 (Del. Super. Ct. Nov. 26, 2018). The Delaware Supreme Court has held that 10 Del. C. § 5072 and similar statutes simply require a judgment creditor to move to refresh a judgment after the specified time period before further executing on the judgment. *See Mergenthaler*, 2018 WL 6177177, at *4 n.16. Under Delaware law, when a civil judgment is entered in the Superior Court[2] and remains unsatisfied after five years, the judgment creditor (*i.e.*, Plaintiff) must file a motion to renew the judgment before continuing to execute on the judgment. *See Mergenthaler*, 2018 WL 6177177, at *2 (citing *Delaware Acceptance Corp. v. Schatzman*, 2018 WL 526596 (Del. Jan. 23, 2018); 10 Del. C. § 5072; Del. Super. Ct. R. 69).

Motions to refresh a judgment are "not unusual" and "[n]ormally these motions go uncontested and the act of granting the motions becomes fairly routine." *LVNV*

---

[2] Had Plaintiff filed this 42 U.S.C § 1983 action in a Delaware court, the appropriate court would have been Superior Court.

*Funding, LLC v. Knott*, 2012 WL 6853516, at *1 (Del. Super. Ct. Dec. 24, 2012). By proceeding through a motion to refresh the judgment, the creditor assumes the burden to show that the judgment should be refreshed. *Knott v. LVNV Funding, LLC*, 95 A.3d 13, 21 (Del. 2014). "[T]the requirement of a motion to refresh gives the [] Court the discretion not to refresh a judgment if a creditor has not acted with diligence or if there is some basis for concluding that continued enforcement of the judgment would be inequitable." *Id.* at 19.

Here, Plaintiff's actions (or, more properly, inaction) are the antithesis of diligence. He did not move to refresh the December 1996 judgment until March 2020, and then only in reply to Defendant's opposition to Plaintiff's second motion for writ of execution. Plaintiff's excuse for failing to refresh the judgment is "because of his ignorance." He asks for the Court's forgiveness and that he be permitted to refresh the judgment pursuant to all applicable rules and procedures.

The Court is cognizant of Plaintiff's *pro se* status. Plaintiff's professed ignorance, however, does not explain his lack of diligence in seeking to refresh the judgment. Judgment was entered on December 5, 1996. (D.I. 63). After Plaintiff unsuccessfully sought a writ of execution on May 16, 2001 (D.I. 67) through a letter to the Clerk of Court,[3] he took no action until September 25, 2018 (D.I. 72) when he filed a motion for writ of execution, and then took no further action until September 5, 2019, some nine months after the first motion for writ of execution (D.I. 74, 75). Even then, he did not move to refresh the judgment, and waited until March 6, 2020 to do so.

---

[3] In May 2001, the judgment was not yet five years old and, therefore, it was not necessary for Plaintiff to refresh the judgment.

7

Plaintiff provides no explanation for his delay.   Accordingly, the Court finds that Plaintiff failed to act with diligence in moving to refresh the 1996 judgment.

Therefore, the Court exercises its discretion and will deny Plaintiff's motion to refresh the judgment.

## IV.     CONCLUSION

For the above reasons, the Court will deny Plaintiff's second motion for writ of execution and motion to refresh judgment.

An appropriate Order will be entered.

8